This Indian claims case is once again before us, this time on several motions by both parties. We previously adjudicated liability, Jessie Short v. United States, 202 Ct. Cl. 870, 486 F. 2d 561 (1973), cert. denied, 416 U.S. 961 (1974), and held that defendant was liable to whichever plaintiffs could show themselves to be "Indians of the [Hoopa Valley] reservation.” We remanded the case to the trial division for a determination as to which of some 3,300 plaintiffs were entitled to recover.
Now, over fifteen years after this case was initiated, defendant moves for two major changes in this litigation:
(1) Defendant moves to consolidate this case with another Indian claims case before the court, Ackley, et al. v. United States, No. 460-78.
(2) In place of the plaintiffs in the cases defendant wishes to consolidate, substitute as the real party in interest a single plaintiff, the Yoruk Tribe of Indians, which the Government is presently attempting to organize.
In short, defendant wishes to combine two cases and create a new plaintiff for the consolidated case.
Since the case is under reference to the trial division, defendant’s motions would normally be considered by the trial judge. The case has come before us, however, because plaintiffs, in opposing defendant’s motions, interpret them as dispositive and have moved to suspend reference to the trial judge. Rule 14(b)(2). Defendant agrees with plaintiffs that reference to the trial judge should be suspended. On the other hand, defendant-intervenors, members of the Hoopa Valley Tribe of Indians, oppose plaintiffs’ efforts to suspend reference.
The parties’ submissions on these motions are substantial and raise many intricate questions. Given the protracted history of the case and the trial judge’s familiarity with the issues, we believe resolution of these questions would be expedited by his opinion. Rule 54(a).
*967 Accordingly, it is therefore ordered, upon consideration of the parties’ submissions, and without oral argument, that plaintiffs’ motion to suspend reference to the trial judge is denied. Defendant’s motions to consolidate this case with Ackley, et al. v. United States, No. 460-78 and to substitute parties are remanded to the trial judge for further proceedings.